POAGE (UNITED STATES v.).   See Case No. 16,059.

POCKLINGTON (UNITED STATES v.). See Case No. 16,060.

## Case No. 11,240.
### POE v. MOUNGER.
[1 Cranch, C. C. 145.] [1]
Circuit Court, District of Columbia. Dec. Term, 1803.

##### BAIL.—SUFFICIENCY.

A recognizance of bail taken out of court is only de bene esse; and upon the return of the

[1] [Reported by Hon. William Cranch, Chief Judge.]

writ and recognizance the plaintiff may object to the sufficiency of the bail, and if adjudged insufficient the marshal is not discharged. In order to save himself he must take a bail-bond, for the appearance of the defendant in all cases.

Motion to amerce the marshal, the bail named in the recognizance taken before justices of the peace, being alleged to be insufficient.

Mr. Mason, for plaintiff. The act of Maryland of April, 1715 (chapter 28, § 2), requires that bail should be first given to the sheriff, by the defendant for his appearance, that is, by the usual bail-bond; and then, in order to save the necessity of his going into court to give bail to the action, he may enter into recognizance out of court, in the manner provided for by the act; but by the fourth section, it is to have only the like force and effect as if the same were taken de bene esse before the justices of the court during the sitting. And by the fifth section the courts may "make rules and orders for justifying such bails and making the same absolute, as to them shall seem meet, so as the cognizor or cognizors of such bail, or bails, be not compelled to appear in person in the provincial court to justify him or themselves." The act of October, 1778 (chapter 21) only alters the form of the recognizance, but does not make the bail absolute. The sheriff ought, in all cases, to take an appearance bond; and, if he does not, he takes the bail-piece at his peril.

P. B. Key, contra. The act of 1715 was to take away the necessity of a bail-bond. The recognizance is the same thing as if taken in court. The fourth section of the act of 1715 requires that the court shall, upon the appearance being entered for the defendant, receive the recognizance of bail so taken. The act of 1778 (chapter 21, § 5) requires the justices, who take the bail, carefully to examine into the sufficiency of such bail, and to be careful that they do not take insufficient bail; which would be unnecessary if the sufficiency was to be examined into again in open court. The justices out of court act judicially in taking bail, and their judgment is conclusive, they are substituted for the court. If bail is taken in court the marshal is discharged, he has no power to take the party again. It is not necessary that the sheriff should take a bail-bond, if he returns a regular recognizance of bail to the action.

Mr. Mason, in reply. Before 1715, the law of Maryland was as in England. This recognizance before justices is only de bene esse. The object of the act of 1715, was to save the trouble of going to court to give bail to the action; which the defendant was bound to do, by his bail-bond given to the sheriff. The bail-bond is not discharged until the recognizance is returned and approved by the court. It is to have the same effect as a bail-piece de bene esse taken in court. What is the meaning of the terms "bail de bene esse," used in the act? and why should it provide

for rules for making the bail absolute, unless the plaintiff had a right to object to the sufficiency of the bail upon the return of the bail-piece? The marshal ought to take a bail-bond, and on taking such a bond, the defendant is then discharged from his custody, and he cannot take him again.

THE COURT was of opinion. that the bail-pieces were not absolute, but open to objection as to the insufficiency of the bail, and that when objected to they were not to be received without the bail's justifying. But THE COURT made an order that any affidavits made by the bail before a justice of the peace of Washington county, should be deemed as if taken in court. The bail-pieces not being received, the marshal was called and produced the defendant. who was committed.